

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# Derrick Laster v. Charles Samuels

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Derrick Laster v. Charles Samuels" (2009). *2009 Decisions.* Paper 1528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2778
_____

DERRICK O. LASTER,
                                        Appellant

v.

CHARLES E. SAMUELS,
WARDEN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-06017)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2009

BEFORE: SLOVITER, AMBRO and STAPLETON, Circuit Judges

(Opinion filed April 16, 2009 )

_____

OPINION
_____

PER CURIAM

Pro se petitioner Derrick O. Laster is a military prisoner in custody of the Federal

Bureau of Prisons.  He appeals from the judgment of the District Court denying his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

In 2003, Laster was a Lance Corporal in the United States Marine Corps, stationed at Camp Lejeune, North Carolina, when an investigation was initiated into whether he had engaged in sexual intercourse with, and used a video camera to film sexual conduct with, a 13-year old girl. At a general court marital convened by the 2nd Marine Division, Laster pled guilty to following three offenses: raping a person under the age of sixteen, in violation of 10 U.S.C. § 920; taking indecent liberties with a child under the age of sixteen, in violation of 10 U.S.C. § 934; and willful possession of child pornography, also in violation of 10 U.S.C. § 934. During the proceedings, Laster, while represented by appointed military defense counsel, entered into a Stipulation of Fact in which he admitted the facts underlying the three crimes to which he pled guilty. Laster also signed a Memorandum of Pretrial Agreement ("PTA") on August 13, 2003, which outlined the agreement regarding his sentence, and agreed to the admissibility into evidence of the two videotaped recordings of himself and the victim.

On August 28, 2003, Laster appeared with counsel before the court-martial and pled guilty to the three charges discussed above. He was sentenced to dishonorable discharge, 25 years confinement, forfeiture of pay and allowances, and a reduction in pay grade. The convening authority, a Commanding Major General of the Marine Corps, then approved Laster's sentence and suspended execution of that portion of the sentence in

2

excess of 14 years, as outlined in the PTA. See 10 U.S.C. 860(c)(2). The convening authority issued pretrial confinement credit of 136 days (April 14, 2003 to August 27, 2003) and designated Fort Leavenworth, Kansas as the place of confinement. See id. The record of trial was then sent to the Judge Advocate General of the Navy for review. See 10 U.S.C. § 864. Because the sentence included a punitive discharge and confinement for a year or more, the record of trial was referred to the United States Navy-Marine Corps Court of Criminal Appeals for review of legal error, factual sufficiency and appropriateness of sentence. See 10 U.S.C. § 866(b). Military counsel from the Navy-Marine Corps' Office of Appellate Defense Counsel was appointed to represent Laster in connection with that review. See 10 U.S.C. 870(c). Laster's appellate defense counsel submitted the case to the U.S. Navy-Marine Corps Court of Criminal Appeals without specific assignments of error,[1] and, on May 20, 2004, the Court affirmed. Laster could have petitioned the United States Court of Appeals for the Armed Forces for review of the decision, but he did not. See 10 U.S.C. § 867(b). The record does not reflect that Laster has sought any other form of relief from any military tribunal.

---

[1] Appellate counsel's submission read:

> The undersigned states that they have been designated by the Judge Advocate General of the Navy as appellate defense counsel in the above-captioned case pursuant to the accused's required, that they have carefully examined the Record of Trial in the case, that they do not admit that the findings and sentence are correct in law and fact, and that they submit the case on its merits to this Honorable Court without specific assignment of errors or brief.

3

On December 14, 2006, Laster filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. In his petition, Laster raised three grounds for relief: (1) the provision in the PTA conceding the admissibility of the videotapes into evidence violated his right to due process and the Rules for Court Martials § 705(C)(1)(b); (2) the failure of his appellate counsel to raise any issues on appeal deprived him of the right to an effective appeal; and (3) he did not receive sufficient credit for time served before trial. The Government initially filed a motion to dismiss, arguing that the District Court lacked jurisdiction to consider the merits of the first two claims, and that the third claim was unexhausted and without merit. The District Court denied Laster's third claim on the merits, as it was clear that Laster had been awarded credit for pre-trial time served and Laster failed to indicate what other credit he thought he was entitled to or why. With respect to the remaining two claims, the District Court denied the Government's motion to dismiss, as the record had not yet been filed. Instead, the Court ordered the Government to file an answer and the military court record.

Laster then filed a motion for reconsideration regarding the denial of his claim regarding the credit he received for time served. In it, he requested that the District Court grant him 7 days' good time credit for every day in confinement in the brig at Camp Lejeune due to "the harsh living conditions, treatment by staff, and sanitary conditions." Laster alleged, without citation, that other inmates and detainees held in the brig at Camp Lejeune had been awarded such credit.

4

On May 21, 2008, after having received an answer from the Government regarding claims one and two, as well as multiple submissions from Laster regarding the merits of all three of his claims, the District Court issued an opinion and order denying Laster's petition on the merits. Laster appealed.

The United States District Courts have jurisdiction pursuant to 28 U.S.C. § 2241 over habeas corpus petitions filed by persons confined pursuant to a sentence received from a military court. See Armann v. McKean, 549 F.3d 279, 285 (3d Cir. 2008). We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 & 2253. We most recently considered the standard of review applied by a federal civil court to a military prisoner's habeas petition in Armann, in which we reaffirmed our allegiance to the U.S. Supreme Court precedent dictating that "when a federal civilian court reviews a habeas corpus petition of a servicemember convicted in the military courts, Burns v. Wilson requires the federal habeas court to deny relief where the military courts provided full and fair consideration to the claim or claims asserted in the habeas petition." Id. at 286 (citing Burns v. Wilson, 346 U.S. 137, 142 (1953)). Such review is impossible where, as here, Appellant has failed to even attempt to exhaust any of his claims through available military court channels. See Schlesinger v. Councilman, 410 U.S. 738, 758 (1975) (observing that "federal courts normally will not entertain habeas petitions by military prisoners unless all available military remedies have been exhausted"); Noyd v. Bond, 395 U.S. 683, 693 (1969) (recognizing "general rule that habeas corpus petitions from

5

military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain"); Gusik v. Schilder, 340 U.S. 128, 131-32 (1950) (analogizing exhaustion in habeas corpus proceedings involving military prisoners to exhaustion in habeas corpus proceedings involving state prisoners).  Inasmuch as the record reflects that Laster has failed to exhaust his remedies within the military court system, we will affirm the judgment of the District Court on the ground that all of his claims are unexhausted.[2]

Throughout the proceedings, Laster has argued that he was unable to participate in his appeal because his trial record was confiscated by the United States Disciplinary Barracks upon his entry.  To the extent Laster seeks to rely on this argument to excuse his failure to exhaust, we are unpersuaded.  Documents submitted by Laster in support of his claim indicate that, as of May 24, 2004, Laster had received a copy of his Record of Trial. (Supplemental App., 51.)  As the proceedings before the United States Navy-Marine Corps Court of Criminal Appeals concluded on May 20, 2004, Laster still had sixty days to petition the United States Court of Appeals for the Armed Forces for review of that decision.  See 10 U.S.C. § 867(b).  Accordingly, even assuming Laster lacked access to his trial record at some point during his appeal proceedings, there is no reason why he

---

[2]In so holding, we express no opinion as to what remedies remain available to Laster at the present time.  We do, however, hold that our affirmance is without prejudice to Laster's attempting to exhaust any avenues of relief which may remain available to him, and returning to the District Court at such time as the exhaustion requirement has been satisfied.

6

could not have presented this issue to the United States Court of Appeals for the Armed Forces in a timely manner.

Based on the foregoing, we will affirm the judgment of the District Court. Appellee's motion to supplement the record is denied as unnecessary.